Tegan Rodkey, Esq.
E: tegan@pricelawgroup.com
**PRICE LAW GROUP, APC**
6345 Balboa Blvd., Ste 247
Encino, CA 91310
T: (818) 600-5526
F: (818) 600-5526

*Attorneys for Plaintiff*
*LORETTA REYNA*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### (WESTERN DIVISION)

| | |
|---|---|
| LORETTA REYNA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>FREDERICK DEBT MANAGEMENT LLC,<br><br>　　　　Defendants. | **Case No.: 2:23-cv-8456**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. FDCPA, 15 U.S.C. § 1692, *et seq.* |

## COMPLAINT

Plaintiff Loretta Reyna ("Plaintiff") sues Frederick Debt Management LLC ("Defendant") for violations of the Fair Debt Collection Practices Act ("FDCPA").

1

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2. Venue in this District is proper because Plaintiff resides here, Defendant transacts business here, and the complained conduct of Defendant occurred here.

## PARTIES

3. Plaintiff is a natural person, and a citizen of the State of California, residing in Los Angeles County, California.

4. Defendant is a New York limited liability company, with its principal place of business located in Orchard Park, New York.

## DEMAND FOR JURY TRIAL

5. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## ALLEGATIONS

6. On a date better known by Defendant, Defendant began attempting to collect a debt (the "Consumer Debt") from Plaintiff.

7. The Consumer Debt is an obligation allegedly had by Plaintiff to pay money arising from an unsecured line of credit between the original

creditor of the Consumer Debt, Okinus Inc, and Plaintiff (the "Subject Service").

8. The Subject Service was primarily for personal, family, or household purposes.

9. The Consumer Debt is a debt related to a consumer financial product and/or service because the Consumer Debt arises from the unsecured line of credit the original creditor extended to Plaintiff, whereby said unsecured line of creditor was for the personal benefit of Plaintiff, Plaintiff's family, and/or members of Plaintiff's household.

10. In particular, the Consumer Debt relates to unsecured line of credit with Okinus Inc with an alleged balance of $1,782.

11. Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

12. Defendant is a business entity engaged in the business of collecting consumer debts.

13. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

14. Defendant is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

15. Defendant's "Consumer Collection Agency" license number is unknown.

16. Defendant maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

17. The records specified by Rule 69V-180.080, Florida Administrative Code, of which Defendant does maintain, are current to within one week of the current date.

18. Defendant maintains and keeps updated within seven (7) days the records required by Florida Administrative Code Rule 180.080(1), (3), (6), (7), (9), (10), and (11).

19. Defendant has written policies and procedures for the secure handling of all consumer documents and information received in the course of collecting a debt from a consumer as required by Rule 69V-180.090(2).

20. Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

21. Defendant is a "person" within the meaning of Fla. Stat. § 559.72.

22. On August 23, 2023, Defendant communicated with Plaintiff in connection with the Consumer Debt (the "First Communication"). Attached as Exhibit "A" is a copy of the First Communication.

23. The First Communication represents Defendant's initial

communication with Plaintiff in connection with the collection of the Consumer Debt.

24. Defendant is required to provide Plaintiff with a written noticing containing the information set forth under 15 U.S.C. § 1692g(a) within five (5) days of its (Defendant's) initial communication with Plaintiff in connection with the collection of any debt.

25. Defendant failed to provide Plaintiff with a written notice containing the information set forth under 15 U.S.C. § 1692g(a) within five (5) days of the First Communication.

26. Subsequent to the First Communication on a date better known by Defendant, Defendant attempted to collect the Consumer Debt from Plaintiff without having properly provided Plaintiff with the information and/or disclosures required by § 1692g(a)(1)-(5) of the FDCPA (the "Unlawful Collection Attempt").

## COUNT 1

**VIOLATION OF 15 U.S.C. § 1692g and § 1692e**

27. Plaintiff incorporates by reference ¶¶ 6-26 of this Complaint.

28. Section 1692g(a) of the FDCPA requires that a debt collector send the consumer a written notice containing the information set forth under § 1692g(a)(1)-(5) of the FDCPA either within Defendant's initial

communication with the consumer in connection with the collection of a debt or within five (5) days of Defendant's initial communication with the consumer in connection with the collection of a debt. *See* 15 U.S.C. § 1692g(a). Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e.

29. Here, the First Communication was Defendant's initial communication with Plaintiff in connection with the collection of the Consumer Debt. As a result, Defendant was required to provide Plaintiff with written notice of the information contained under § 1692g(a) of the FDCPA either within the First Communication or within five (5) days of the First Communication.

30. The First Communication did not properly disclose the information required by § 1692g(a)(1)-(5) of the FDCPA and Defendant failed to provide Plaintiff with written notice of the information contained under § 1692g(a) of the FDCPA within five (5) days of the First Communication. Thus, by failing to provide Plaintiff with sufficient notice of the information contained under § 1692g(a) of the FDCPA, Defendant violated § 1692g and § 1692e of the FDCPA.

31. WHEREFORE, Plaintiff requests this Court to enter a judgment against Defendant awarding the following relief:

*A.* Actual damages as provided by 15 U.S.C. § 1692k;

*B.* Statutory damages as provided by 15 U.S.C. § 1692k;

*C.* Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and

*D.* Any other relief that this Court deems appropriate under the circumstances.

Respectfully submitted this 5th day of October 2023.

By: *Tegan Rodkey*
Tegan Rodkey, Esq.
E: tegan@pricelawgroup.com
**PRICE LAW GROUP, APC**
6345 Balboa Blvd., Ste. 247
Encino, CA 91310
T: (818) 600-5526
F: (818) 600-5526

*Attorneys for Plaintiff*
LORETTA REYNA