Tegan Rodkey, Esq.

E: tegan@pricelawgroup.com

PRICE LAW GROUP, APC

6345 Balboa Blvd., Ste 247

Encino, CA 91310

T: (818) 600-5526

F: (818) 600-5526

Attorneys for Plaintiff

Loretta Reyna

## UNITED STATES DISTRICT COURT

## DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LORETTA REYNA,**<br><br>       Plaintiff,<br><br>   v.<br><br>**FREDERICK DEBT MANAGEMENT LLC,**<br><br>       Defendant. | No.  2:23-cv-08456-CBM-PVC<br><br>**PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT**<br><br>Date:    August 6, 2024<br>Time:   10:00 AM (PST)<br>Place:  Courtroom 8D<br>(Hon. Consuelo B. Marshall) |

Plaintiff Loretta Reyna ("Plaintiff"), whom requests that a default judgment be entered against Defendant Frederick Debt Management LLC ("Defendant") pursuant to Federal Rule of Civil Procedure 55(b). In support of this request plaintiff relies upon the record in this case and the affidavit submitted herein

### STATEMENT OF FACTS

1.     Plaintiff filed its initial complaint on October 6, 2023.

2.     This action was initiated for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692, et seq. ("FDCPA").

1

3.     On October 26, 2023, Defendant was served with the Summons and Complaint in this action, as shown by the Proof of Service that Plaintiff filed with this Court February 28, 2024. Doc. 11.

4.     An answer to the complaint was due on November 16, 2023. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). To date no response was served within the time allowed by law, nor has Defendant sought additional time within which to respond.

5.     As such, on March 1, 2024, a Clerk's Default was entered against Defendant, for failure to serve or file any papers pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. Doc. 14.

6.     This Court entered an order on April 5, 2024, for Plaintiff to file on or before the date of June 10, 2024, Plaintiff's motion for entry of default judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure.

7.     To undersigned's best information and belief, Defendant is not an infant or incompetent person nor is Defendant currently in active military service.

8.     As Defendant has failed to file an answer or meaningfully defend this action since its inception as required by law, Plaintiff submits this Motion for Entry of Final Default Judgment against Defendant.

9.     Furthermore, Plaintiff request this Court enter an order granting entitlement to reasonable attorney's fees and costs associated with this matter pursuant to 15 U.S.C. §§1692k, and reserve jurisdiction as to the amount of attorney's fees and cost incurred with connection to the instant action subject to Plaintiff filing a motion for attorney's fees within thirty (30) days of its order on the instant motion.

10.     Plaintiff further certifies that no copy of any answer of Defendant in the above styled cause has been served upon the Plaintiff or their undersigned attorney at the time of filing of the above Motion for Entry of Default.

## **MEMORANDUM OF LAW**

11.     Under Rule 55 of the Federal Rules of Civil Procedure, default judgment is a two-step process: an entry of default judgment must be preceded by an entry of

2

default. *See Fed. R. Civ. P. 55*; *see also* <u>Eitel v. McCool</u>, 782 F.2d 1470, 1471 (9th Cir. 1986).

12.     Upon entry of default, the factual allegations of the complaint, save for those concerning damages, are deemed to have been admitted by the defaulting party. <u>Geddes v. United Financial Group</u>, 559 F.2d 557 (9th Cir. 1977); Fed. R. Civ. P. 8(b)(6). "On the other hand, a defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." <u>United States v. Cathcart</u>, 2010 WL 1048829, at *4 (N.D. Cal. Feb. 12, 2010) (internal citation omitted). "[I]t follows from this that facts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment." <u>Danning v. Lavine</u>, 572 F.2d 1386, 1388 (9th Cir.1978).

13.     A court has discretion to grant or deny a motion for default judgment. <u>Aldabe v. Aldabe</u>, 616 F.2d 1089, 1092 (9th Cir. 1980). The Ninth Circuit has set forth seven factors to be considered by courts in reviewing a motion for default judgment: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint[1], (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits. <u>Eitel v. McCool</u>, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Furthermore, when considering whether to grant default judgment, courts generally assume the factual allegations of the complaint to be true. <u>Televideo Systems, Inc. v. Heidenthal</u>, 826 F.2d 915, 917-918 (9th Cir. 1987).

---

[1] In considering the sufficiency of the complaint and the merits of the plaintiff's substantive claims facts alleged in the complaint not relating to damages are deemed to be true upon default. <u>Bd. of Trustees of Sheet Metal Workers v. Moak</u>, 2012 WL 5379565, at *2 (N.D. Cal. Oct. 31, 2012) (*citing* <u>Geddes v. United Financial Group</u>, 559 F.2d 557, 560 (9th Cir. 1977); Fed. R Civ. P. 8(d)).

## **ARGUMENT**

14.     In the case at issue, default judgment should be entered against Defendant as an appropriate measure where, as evidenced throughout the record, Defendant has been aware of the pending action, yet failed or refused to appear to defend the lawsuit.

15.     It is undisputable that Defendant was provided proper notice of the pending action on October 26, 2024. Much time has elapsed between the time Defendant was served the Summons and Complaint, and the Court's Entry of Default by Clerk pursuant to Rule 55(a). Despite this length of time even now Defendant has failed to defend its interests in this case.

16.     Without entry of Default Judgment Plaintiff will be prejudiced as it would be forced to continue litigation even though Defendant has not filed an answer or responsive pleading. Thus, Plaintiff would be left without a remedy or relief in the absence of default judgment.

17.     Plaintiff's Complaint and substantive claims raised therein adequately state a claim on which she may recover and in considering the sufficiency of the complaint and merits of the claims, facts alleged therein not related to damages are deemed to be try upon default. *See* Bd. of Trustees of Sheet Metal Workers v. Moak, 2012 WL 5379565, at *2 (N.D. Cal. Oct. 31, 2012) (*citing* Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977); Fed. R Civ. P. 8(d)). Here, Plaintiff's Complaint sufficiently states a claim on which Plaintiff may recover as the Complaint sets forth with specificity the nature of the action brought against Defendant as a result of Defendants violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. (Complaint ¶¶ 6-26).

18.     Plaintiff also seeks statutory damages of $1,000 under the FDCPA (Complaint ¶ 31) along with an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and actual damages for emotional distress,

mental anguish and invasion of privacy as a result of Defendant's unlawful conduct and unfair and deceptive communications.

19.     Plaintiff has adequately pleaded a claim for violations of the FDCPA and Defendant has received notice of this action. By not timely filing a responsive pleading, Defendant has demonstrated its unwillingness to participate in or defend against this lawsuit. Thus, since Plaintiff's well-pleaded allegations are deemed admitted upon default, no factual disputes exist that preclude entry of default judgment.

20.     There is no possibility of excusable neglect in the case at issue as, despite Defendant's awareness of this action and the entry of default against it, Defendant has further since continued to fail to defend this action.

21.     Notwithstanding the strong policy presumption in favor of a decision on the merits, where, as here, Defendant fails to appear and response, a decision on the merits is impossible and default judgment is appropriate. *See* <u>Craigslist, Inc. v. Naturemarket, Inc.</u>, 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010). In the instant matter, Defendant has failed to timely respond to the Complaint in this action and forfeited its opportunity to defend itself on the merits.

22.     Based on the aforementioned facts, the Eitel factors weigh in favor of entering default judgment on Plaintiff's claims against Defendant in this action.

**WHEREFORE**, based upon the foregoing, Plaintiff respectfully requests that this Honorable Court enter an order :

(1) Granting Default Judgment against Defendant as to liability;

(2) Granting Statutory damages in the amount of $1,000.00 under the FDCPA;

(3) Granting Plaintiff's entitlement to attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

(4) reserving jurisdiction as to the amount of attorney's fees and costs incurred in connection with this action subject to Plaintiff filing a motion for attorney's fees within thirty (30) days of an order on this motion;

1   (5) any and all additional relief that this Court deems just and proper.

2   DATED: June 27, 2024

3                                                   Respectfully Submitted,

4

5                                                   By: *Tegan Rodkey*

6                                                   Tegan Rodkey, Esq.

7                                                   E: tegan@pricelawgroup.com

8                                                   **PRICE LAW GROUP, APC**

9                                                   6345 Balboa Blvd., Ste. 247

10                                                  Encino, CA 91310

11                                                  T: (818) 600-5526

12                                                  F: (818) 600-5526

13

14                                                  *COUNSEL FOR PLAINTIFF*

15                                                  *Loretta Reyna*

16

17

18                         **<u>CERTIFICATE OF SERVICE</u>**

19        The undersigned hereby certifies that on June 27, 2024, the foregoing was

20   electronically filed with the Clerk of the Court using the CM/ECF system which will

21   send a notice of electronic filing to all counsel of record and, further, a copy of the

22   forgoing was mailed *via* certified mail to Defendant FREDERICK DEBT

23   MANAGEMENT LLC at One Commerce Plaza, 99 Washington Avenue, Albany,

24   New York 12231.

25                                                   /s/ Tegan Rodkey

26                                                  **Tegan Rodkey, Esq.**

27

28