| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

UNITED STATES DISTRICT COURT

DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **LORETTA REYNA**, | | No. 2:23-cv-08456-CBM-PVCx |
| Plaintiff, | | |
| v. | | **ORDER RE: PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT [17]** |
| **FREDERICK DEBT MANAGEMENT LLC**, | | |
| Defendant. | | |

The matter before the Court is Plaintiff Loretta Reyna's Motion for Entry of Default Judgment. (Dkt. No. 17.) Having considered the entire record in this case (including the Complaint and the Motion), pursuant to Federal Rule of Civil Procedure 55 and Local Rule 55-1, the Court finds as follows:

1. On October 6, 2023, Plaintiff filed the Complaint asserting one cause of action against Defendant Frederick Debt Management, LLC for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692g and 1692e. (Dkt. No. 1.)

2. Plaintiff filed proof of service reflecting service of the summons and Complaint on Defendant on October 26, 2023. (Dkt. No. 11.)

3. On March 1, 2024, the clerk entered default against Defendant. (Dkt. No. 13.)

4. Defendant was served with the Motion on June 27, 2024. (*See* Dkt. No. 17.)

5. Defendant's opposition to the Motion was due on July 16, 2024 based on the noticed hearing date (*see* L.R. 7-9) but no opposition was filed. Defendant did not appear at the August 6, 2024 hearing.

6. Defendant is not an infant or incompetent person, is not on active duty with the Uniformed Services of the United States.

7. The Court finds the factors in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986), weigh in favor of granting the instant Motion for Entry of Default Judgment.

    a. The Complaint pleads sufficient facts to state a claim for violation of 15 U.S.C. § 1692g of the FDCPA. (*See* Compl. ¶¶ 3, 4, 6-14, 20, 28-30, Ex. A.) *See Kraus v. Cap. Link Mgmt., LLC,* 2022 WL 19076803, at *3 (C.D. Cal. Oct. 28, 2022).[1] Therefore, the *Eitel* factors regarding the merits of Plaintiff's claim pursuant to 15 U.S.C. § 1692g of the FDCPA and the sufficiency of the Complaint weigh in favor of granting default judgment.

    b. Defendant has not answered or otherwise responded to the Complaint, has not filed an opposition to the Motion, and has not appeared in this action. Therefore, Plaintiff will likely be prejudiced if default judgment is not entered because Plaintiff would be without further recourse. *See Simple Design Ltd. V. Enerjoy Ltd.*, 2024 WL 1813486, at *2 (C.D. Cal. Jan. 5, 2024); *Sunteck*

---

[1] The Complaint fails to plead sufficient facts to state a claim for violation of 15 U.S.C. § 1692e because the Complaint alleges Defendant's failure to comply with 15 U.S.C. § 1692g's disclosure requirements constituted a violation of 15 U.S.C. § 1692e (Compl. ¶ 30) but Plaintiff does not allege any additional facts as to any other conduct by Defendant, nor allege nor identify any "false, deceptive, or misleading representation" by Defendant in connection with collection of a debt from Plaintiff. *See* 15 U.S.C. § 1692e.

2

1 | *Transp. Co., LLC v. Domestic Carrier, Inc.*, 2022 WL 17348190, at *3 (C.D. Cal.
2 | Sept. 19, 2022); *Yelp Inc. v. Catrin*, 70 F. Supp. 3d 1082, 1094 (N.D. Cal. 2014).
3 |       c.      The amount sought is derived from statutory damages, actual
4 | damages, and reasonable attorneys' fees and costs (*see* Compl., Prayer for Relief),
5 | and therefore the amount of money at stake factor weighs in favor of default
6 | judgment. *See Nordyke v. Summit Receivables*, 2018 WL 2732455, at *4 (E.D. Cal.
7 | June 7, 2018), *report and recommendation adopted sub nom. Nordyke v. Summit*
8 | *Recievables*, 2018 WL 4773875 (E.D. Cal. July 17, 2018).
9 |       d.      Defendant has not filed an opposition to the Motion nor filed a
10 | response to the Complaint challenging the sufficiency of the allegations, or
11 | otherwise appeared in this action despite having been served with the Summons and
12 | Complaint and the Motion. Accordingly, there is little possibility of a dispute
13 | concerning material facts and there is no evidence before the Court demonstrating
14 | Defendant's default resulted from excusable neglect. *See Kaloustian v. FarMar L.*
15 | *Grp., PC*, 2022 WL 18397630, at *6 (C.D. Cal. Nov. 1, 2022); *Bernardo v. Davis*
16 | *Davis & Assocs. LLC*, 2022 WL 2101910, at *5 (C.D. Cal. Mar. 31, 2022);
17 | *Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 922 (C.D. Cal.
18 | 2010); *Essayli v. Diaz & Assocs., Inc.*, 2021 WL 6752170, at *3 (C.D. Cal. Nov.
19 | 16, 2021); *Garcia v. Armin, O'Conner & Boch, LLC*, 2020 WL 13303718, at *5
20 | (C.D. Cal. Dec. 3, 2020); *Cantu v. A R Client Servs. LLC*, 2020 WL 6114915, at *1
21 | (C.D. Cal. Aug. 18, 2020).
22 |       e.      Defendant's failure to answer or participate in this action makes
23 | a decision on the merits impracticable, and therefore the policy favoring a decision
24 | on the merits does not preclude the Court from entering default judgment. *See*
25 | *PepsiCo, Inc. v. Cal. Sec. Cans,* 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002);
26 | *Hall-Jones v. Golden State Credit Serv., Inc.*, 2021 WL 6496730, at *5 (C.D. Cal.
27 | July 29, 2021); *Freligh v. Roc Asset Sols., LLC*, 2016 WL 3748723, at *6 (N.D.
28 | Cal. June 8, 2016), *report and recommendation adopted*, 2016 WL 3747616 (N.D.

Cal. July 11, 2016).

8. Considering "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional," *see* 15 U.S.C. § 1692k(b)(1), there are no facts alleged regarding multiple, repeated violations of the FDCPA, egregious conduct, or willfulness to support an award of the maximum $1,000 statutory damages amount sought by Plaintiff under the FDCPA. *Cf. Kaloustian*, 2022 WL 18397630, at *7. Because the Complaint alleges a single violation of the FDCPA based on failure to provide disclosures required under 15 U.S.C. § 1692g within five days of Defendant's initial communication with Plaintiff, the Court awards $350 in statutory damages under the FDCPA. *See Hall-Jones*, 2021 WL 6496730, at *4; *Freligh*, 2016 WL 3748723, at *7.[2]

\* \* \*

Accordingly, the Court **GRANTS** Plaintiff's Motion for Entry of Default Judgment and awards $350 in statutory damages to Plaintiff.

Plaintiff shall file a motion for attorneys' fees and costs **no later than August 30, 2024**.

**IT IS SO ORDERED.**

DATED: August 15, 2024.

CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE

---

[2] The Complaint fails to allege any actual damages suffered by Plaintiff, nor allege Plaintiff experienced any emotional distress, mental anguish or invasion of privacy, and Plaintiff fails to submit any evidence to support an award for actual damages. *See Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987); *Kaloustian*, 2022 WL 18397630, at *8.