UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 23-8456-CBM-(PVCx) | Date | October 10, 2024 |
| Title | Reyna v. Federick Debt Management LLC | | |

Present: The Honorable  CONSUELO B. MARSHALL, UNITED STATES DISTRICT JUDGE

| YOLANDA SKIPPER | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| NONE PRESENT | NONE PRESENT |

**Proceedings:**   **IN CHAMBERS- ORDER RE:   PLAINTIFF'S MOTION FOR ATTORNEYS' FEES [22]**

The matter before the Court is Plaintiff's Motion for Attorneys' Fees. (Dkt. No. 22.)

On October 6, 2023, Plaintiff filed a complaint asserting one cause of action against Defendant for violations of the Fair Debt Collection Practices Act ("FDCPA"). (Dkt. No. 1.)  On August 15, 2024, the Court granted Plaintiff's Motion for Entry of Default Judgment, awarded Plaintiff $350 in statutory damages, and ordered Plaintiff to file a motion for attorneys' fees and costs. (Dkt. No. 20.)

Plaintiff's Motion seeks an award of $6,317.50 in attorneys' fees for 13.3 hours of work at an hourly rate of $475 based on the purported lodestar amount. The attorneys' fees requested is more than the amount set forth in Local Rule 55-3's schedule of attorneys' fees for default judgments, and therefore, the Court must determine whether the fee requested is "reasonable." *See* L.R. 55-3. Reasonable hourly rates are determined based on the prevailing market rates in the relevant community. *Vargas v. Howell*, 949 F.3d 1188, 1194 (9th Cir. 2020); *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008).

Plaintiff's counsel's declaration regarding her experience in bankruptcy proceedings is not relevant to this debt collection action brought under the FDCPA. Moreover, Plaintiff does not submit evidence demonstrating the $475 hourly rate is the prevailing rate in this district for similar work performed by attorneys of comparable skill, experience, and reputation. *See Camacho*, 523 F.3d at 979-80 ("[T]he burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for

similar services by lawyers of reasonably comparable skill, experience and reputation."); *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 947 (9th Cir. 2007) (attorney declarations regarding prevailing rates are satisfactory evidence of prevailing market rates); *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990) ("Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate."). Therefore, the Court cannot make a determination as to the reasonableness of the hourly rate requested by Plaintiff.

Accordingly, the Court **DENIES** Plaintiff's Motion for Attorneys' Fees **without prejudice**. *See Teddy's Red Tacos Corp. v. Theodoro Vazquez Solis*, 2021 WL 4517723, at *10 (C.D. Cal. Aug. 16, 2021), *supplemented sub nom. Teddy's Red Tacos Corp. v. Solis*, 2021 WL 4477944 (C.D. Cal. Sept. 29, 2021) (denying request for attorneys' fees without prejudice in connection with motion for default judgment where plaintiff offered insufficient evidence of the reasonableness of the requested rates).

To the extent Plaintiff seeks to refile a motion for attorneys' fees supported by satisfactory evidence of the reasonableness of the rate requested, Plaintiff shall file such motion **no later than October 24, 2024**.

**IT IS SO ORDERED.**